IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| FLOYD DELOACH, JR., | : | |
| Plaintiff | : | |
| VS. | : | |
| Sheriff ASHLEY PAULK, Lowndes Co. Commissioners RODNEY N. CHASE, J. EDGAR ROBERTS, RICHARD C. LEE, and G. ROBERT CARTER, | : | NO. 7:07-CV-24 (HL) |
| Defendants | : | **O R D E R** |

Plaintiff **FLOYD DELOACH, JR.**, an inmate at the Lowndes County Jail ("LCJ") in Valdosta, Georgia, has filed a *pro se* civil rights action under 42 U.S.C. § 1983. Plaintiff also seeks leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). Based on plaintiff's submissions, the Court finds that plaintiff is unable to pay the prepay the filing fee. Accordingly, the Court **GRANTS** plaintiff's motion to proceed *in forma pauperis*.

It is hereby **ORDERED** that hereafter plaintiff's custodian or his designee shall set aside twenty percent (20%) of all deposits made to plaintiff's trust fund account and forward those funds to the Clerk each time the amount set aside exceeds $10.00, until the $350.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). The Clerk of Court is directed to send a copy of this order to the business manager and the warden of the institution where plaintiff is incarcerated.

## I. STANDARD OF REVIEW

### A. 28 U.S.C. § 1915(e)(2)

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by prisoners against a governmental entity or its employees and dismiss any portion of the complaint the Court finds: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

### B. General Requirements of 42 U.S.C. § 1983

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id.*

## II. BACKGROUND

This is the ninth lawsuit plaintiff has filed in this Court since June 2006, and the seventh concerning the denial of medical care at the LCJ.[1] Plaintiff names as defendants Sheriff Ashley Paulk (whom plaintiff has already named as a defendant in two of his medically-related lawsuits) and possibly Nurse Shirley Lewis (whom plaintiff has named as a defendant in four of his medically-related lawsuits). Plaintiff further names four members of the Lowndes County Board of Commissioners as defendants herein because they "acted in concert" with others in denying plaintiff appropriate medical treatment while "shielding themselves behind Southern Healthcare Services," the medical contractor for the LCJ. Plaintiff apparently seeks only damages against these defendants.

Plaintiff suffers from a number of medical ailments and makes generalized claims that he has been denied adequate medical care. Plaintiff's complaint, however, makes only vague and conclusory allegations. He alleges no new specific facts or incidents not raised in his prior complaints.

### III. DISCUSSION

In *Estelle v. Gamble*, 429 U.S. 97, 104 (1976), the Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain'... proscribed by the Eighth Amendment." "Deliberate indifference" has three components: 1) subjective knowledge of a risk of serious harm; 2) disregard of that risk; and 3) conduct that is more than mere negligence. *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999).

---

[1] This Court has allowed the previous six medical cases to go forward. *See Deloach v. Paulk, et al.*, 7:06-cv-44 (HL); *Deloach v. Lewis, et al.*, 7:06-cv-106 (HL); *Deloach v. Crews, et al.*, 7:06-cv-123 (HL); *Deloach v. Elkins, et al.*, 7:07-cv-1 (HL); *Deloach v. Elkins, et al.*, 7:07-cv-7 (HL); and *Deloach v. Lewis, et al.*, 7:07-cv-15 (HL).

The Court notes that plaintiff is proceeding *pro se* and thus his complaint is entitled to be examined with lesser scrutiny than if he were represented by an attorney. ***Haines v. Kerner***, 404 U.S. 519 (1972). In the present case, however, even construing the complaint in favor of plaintiff, plaintiff simply has not alleged sufficient facts to allow this case to go forward. As noted, plaintiff does not allege any specific instance of the defendants denying him medical care or any conduct amounting to "deliberate indifference."

Moreover, vague and general allegations of a state official's participation in a conspiracy are insufficient to support such a conspiracy claim or to show a violation of section 1983. In conspiracy cases, a defendant must be informed of the nature of the conspiracy which is alleged. It is not enough to allege in the complaint that a conspiracy existed. "A complaint may justifiably be dismissed because of the conclusory, vague and general nature of the allegations of conspiracy." *Fullman*, 739 F.2d at 557 (citing 2A J. Moore & J. Lucas, Moore's Federal Practice ¶ 8.17[5] at 8-180, 181 (2 ed. 1984)). Here, plaintiff does not allege a single fact upon which one could infer that a conspiracy existed.

## IV. CONCLUSION

Based on the foregoing, the instant complaint is hereby **DISMISSED** as being frivolous under 28 U.S.C. § 1915(e)(2).

**SO ORDERED**, this 9th day of MARCH, 2007.

*s/ Hugh Lawson*
HUGH LAWSON
UNITED STATES DISTRICT JUDGE

cr